IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SHANE LOUIS BURD,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-26-BU-DWM-JCL<br><br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On April 4, 2014, Petitioner Shane Louis Burd filed this action under 28 U.S.C. § 2254. Burd is a state prisoner proceeding pro se.

Burd contends that Montana State Prison violates his right to due process by using his institutional conduct during service of a previous sentence, served between 2009 and May 2012, to determine the appropriate level of custody for his current incarceration. Pet. (Doc. 1) at 4 ¶ 13A. He also claims that prison officials committed perjury in the Montana Supreme Court by making false statements in response to his state petition for writ of habeas corpus. *Id.* at 5 ¶ 13B. For his relief, Burd seeks expungement of his prior institutional file. *Id.* at 7 ¶ 16.

On August 29, 2014, the Court issued an Order requiring Burd to clarify his claims. Order to Pet'r (Doc. 6) at 1-2. He responded on September 16, 2014. Resp. to Order (Doc. 7 at 1-5); Herman Aff. (Doc. 7 at 6-8); Classification Appeal (Doc.

1

7 at 9).

Although Burd chose to proceed under 28 U.S.C. § 2254, Ninth Circuit law holds that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence," *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003), or where there is no "potential relationship between his claim and the duration of his confinement," *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004). It appears Burd should proceed under 42 U.S.C. § 1983 rather than 28 U.S.C. § 2254. Regardless, however, Burd cannot state a claim for violation of federal law under either statute.

Burd identifies several false statements he contends were made in proceedings in the Montana Supreme Court. Resp. to Order at 1-4; *see* also Wigert Aff. at 2-6 ¶¶ 4-18, *Burd v. Kirkegard*, No. OP 14-0030 (Mont. filed Mar. 3, 2014), *available at* http://supremecourtdocket.mt.gov (accessed Mar. 5, 2015). The Court acknowledges that Burd honestly disbelieves and disagrees with Wigert's statements. But even if he is right – and the Court is not going to decide whether he is or not – the differences between Burd and Wigert are not material to the decision of his claims.

The restrictive conditions of Burd's confinement do not violate the federal Constitution because they are "ordinary incidents of prison life." *Sandin v. Conner*,

515 U.S. 472, 484 (1995). His reclassifications from one custody level to another do not trigger the protections of the federal Due Process Clause because they involve transfers to and from locations that are all among the ordinary incidents of prison life. "The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons." *Meachum v. Fano*, 427 U.S. 215, 224-29 (1976). In some circumstances such transfers might require prior notice and an opportunity to be heard, *see, e.g.*, *Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005), but Burd's conditions are not remotely comparable to those in *Austin* and so are governed by *Meachum*.

Moreover, while prison officials' knowing persistence in relying on grossly false and prejudicial information might arguably be constitutionally objectionable in some contexts, *see, e.g.*, *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 289 (O'Connor, J., concurring); *id.* at 290-91 (Stevens, J., dissenting), the information about which Burd complains does not rise to that level. Courts simply do not re-hear or re-decide matters such as whether an inmate committed a disciplinary violation, whether he had a prescription for an anti-depressant, or whether a security camera shows any problem with an officer's collection of a tray. Nor are an inmate's constitutional rights violated even if a State's purported objectives are not advanced by the State's policies.

Burd's submissions and Wigert's affidavit in the Montana Supreme Court, to

which he refers, show that Burd's custody status and transfers are related to his current conduct in prison, the reasons he is in prison, and his past conduct in prison. Consideration of Burd's past conduct is not in itself objectionable; inmates are not constitutionally entitled to a "clean slate" when they enter or return to prison. That is especially true in Burd's situation. Whether he is or was a "gang member" or not, his convictions for assault and his prior conduct in prison demonstrate that he sometimes acts disrespectfully or even violently toward authority figures. Prison officials must be permitted to take such a history into account in the complex and difficult task of managing the prison.

While reasonable jurists could disagree about the proper statutory basis for this action, no reasonable jurist would find that Burd states a claim for violation of federal law. None of Burd's allegations meets even the relatively low threshold of 28 U.S.C. § 2253(c)(2). A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Burd's Petition (Docs. 1, 2, 7) should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

4. Pursuant to Fed. R. App. P. 24(a)(3)(A), the Court should CERTIFY that

any appeal from this disposition would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Burd may object to this Findings and Recommendation within 14 days.[1] 28

U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

Burd must immediately notify the Court of any change in his mailing

address by filing a "Notice of Change of Address."  Failure to do so may result in

dismissal of his case without notice to him.

DATED this 6th day of March, 2015.


　　　　　　　　　　　　　　*/s/ Jeremiah C. Lynch*
　　　　　　　　　　　　　　Jeremiah C. Lynch
　　　　　　　　　　　　　　United States Magistrate Judge

---

[1]  As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.